### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF KENTUCKY
### PADUCAH DIVISION

**KAHLID A. ZAAHIR**                                                **PLAINTIFF**

**v.**                                    **CIVIL ACTION NO. 5:25-CV-P32-JHM**

**LAURA PLAPPERT et al.**                                          **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

Plaintiff Khalid A. Zaahir, a prisoner at the Kentucky State Penitentiary (KSP), proceeding *pro se*, initiated this 42 U.S.C. § 1983 action.  The complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  For the following reasons, this action will be dismissed without prejudice to Plaintiff filing an amended complaint.  Additionally, Plaintiff's motion to supplement will be denied.

### I. STATEMENT OF CLAIMS

Plaintiff sues in their official and individual capacities Laura Plappert, KSP Warden; Cookie Crews; the Kentucky Department of Corrections (KDOC) Commissioner; Allyson Lambert, KDOC Ombudsman; and Robin McCalister, KSP Grievance Coordinator.

Plaintiff alleges under the heading "Sixth and Fourteenth Amendments" that Defendants Crews and Lambert engaged in "machinations . . . effectively eliminating any semblance of a viable grievance mechanism."  She states that she has attempted to acquire an "index" of unresolved and unanswered grievances for the 2023-2024 time period to no avail.  She alleges that Defendant McCalister put a moratorium on the grievance system, thereby effectively ignoring her grievances, and has "unethically" addressed grievances directed at her.  Plaintiff states that she brought these issues to the attention of Defendants Crews and Lambert but received no aid.

The complaint also includes one sentence about the KSP mail system alleging tampering of legal mail and an illegal mail policy.

Plaintiff further alleges that her Eighth Amendment rights were violated due to failure to resolve or reply to her healthcare grievances.  She also asserts that KSP's medical department refuses to have her assessed by an outside dermatologist or specialist despite recommendations by her endocrinologist.

Plaintiff also alleges that her First and Fourteenth Amendment rights were violated by all Defendants, again related to grievances being restricted or not responded to.  She states that the "'grievance restriction' is . . . blatant retaliation . . . and a means by which to try and bar her access to the courts."

As relief, Plaintiff requests compensatory and punitive damages and injunctive relief of enforcing a viable grievance system.

Plaintiff attaches a number of exhibits, most of which are copies of grievances and responses thereto.  Where relevant, exhibits will be discussed below.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the Prisoner Litigation Reform Act (PLRA) requires the trial court to review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1) and (2).  When determining whether a plaintiff has stated a claim upon which relief may be granted, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002).  While a reviewing court must

2

liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### A. Official-capacity claims

"[O]fficial-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). A state, its agencies, and state officials sued in their official capacities for monetary damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, the official-capacity claims for damages against Defendants will be dismissed for failure to state a claim.

### B. Individual-capacity claims

#### 1. Grievance claims

Plaintiff's allegations about the prison grievance process, including healthcare grievances, comprise almost the entire complaint.

Prisoners do not possess a constitutional right to a prison grievance procedure. *See Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005) ("All circuits to consider this issue

have . . . found that there is no constitutionally protected due process right to unfettered access to prison grievance procedures."). Consequently, "there is no inherent constitutional right to an effective prison grievance procedure." *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. Oct. 30, 2003) (citing cases). "Further, if the prison provides a grievance process, violations of its procedures . . . do not rise to the level of a federal constitutional right." *Weddle v. Dunbar*, No. 1:15CV-P9-GNS, 2015 WL 2213356, at *5 (W.D. Ky. May 11, 2015) (citing *Walker*, 128 F. App'x at 445). Therefore, Plaintiff's claims related to the grievance process fail to state a claim upon which relief may be granted.

As to her reference to the Sixth Amendment, Plaintiff is a convicted prisoner, and she offers no information to suggest that she is currently the target of a criminal prosecution. Thus, the Sixth Amendment has no application. *See* U.S. Const. amend. VI.

As to Plaintiff's claim alleging that her First and Fourteenth Amendment rights were violated by all Defendants related to grievances being restricted, she states that the "'grievance restriction' is . . . blatant retaliation . . . and a means by which to try and bar her access to the courts." However, being restricted from filing grievances in accordance with the grievance procedure does not state a § 1983 claim. The "Sixth Circuit has repeatedly held that placement on modified access [to filing grievances] does not constitute an adverse action for purposes of a retaliation claim." *Weatherspoon v. Williams*, No. 2:14-cv-108, 2015 WL 2106401, at *5 (W.D. Mich. May 6, 2015) (citing *Jackson v. Madery*, 158 F. App'x 656, 660 (6th Cir. 2005)); *Walker*, 128 F. App'x at 446; *Kennedy v. Tallio*, 20 F. App'x 469, 471 (6th Cir. 2001)). This is because the right to file institutional grievances without being subject to retaliation extends only to the filing of nonfrivolous grievances and "an ordinary person of reasonable firmness would not be

4

deterred from filing non-frivolous grievances merely because he or she had been placed on modified status." *Walker*, 128 F. App'x at 446.

Further, Plaintiff does not explain how Defendants interfered with her access to the courts by virtue of the grievance procedure. She points to Exhibit 3B to her complaint as support. That document is a memo to her from Defendant Plappert explaining that pursuant to Corrections Policies and Procedures (CPP) 14.6 she was placed on grievance restriction "due to filing numerous frivolous and harassing in nature grievances." DN 1-13. As stated above, even if the restriction of Plaintiff's grievances was done in violation of the grievance policy, Plaintiff has not stated a claim. *See Walker*, 128 F. App'x at 445; *Argue*, 80 F. App'x at 430. And Plaintiff points to no instance in which her access to the court was interfered with due to grievance restrictions or the failure to respond to grievances.

The Court will dismiss Plaintiff's grievance-related claims for failure to state a claim upon which relief may be granted.

### 2. Mail claim

The complaint includes one sentence about the KSP mail system: "Under direction from [Defendant] Plappert, the KSP facility's mail room routinely tampers with out-going legal mail . . . and now even operates under an illegal 'policy,' – allegedly 'revised' – but without proper authorization through [Kentucky's regulations and statutes]."

To the extent that Plaintiff intends to make a claim about the prison mail, first, Plaintiff's statement is entirely conclusory. Such a broad and conclusory allegation is not entitled to the assumption of truth. *See Abner v. Focus: Hope*, 93 F. App'x 792, 793 (6th Cir. 2004) (stating that the court is not "required to accept non-specific factual allegations and inferences or unwarranted legal conclusions"). And she offers no explanation in what way mail is "tampered" with.

5

Further, Plaintiff does not state a constitutional claim merely because a policy does not comport with state regulations or statutes and, therefore, fails to state a claim upon which relief may be granted. *See, e.g.*, *Stanley v. Vining*, 602 F.3d 767, 769 (6th Cir. 2010) ("It has long been established that the violation of a state statute or regulation is insufficient alone to make a claim cognizable under § 1983."). Thus, her conclusion is not supported by factual allegations that would "plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

The Court will, therefore, dismiss Plaintiff's claim related to mail for failure to state a claim upon which relief may be granted.

### 3. Dermatologist claim

Plaintiff asserts that KSP's medical department refuses to have her assessed by an outside dermatologist or specialist despite recommendations by her endocrinologist. She also alleges that she "continually suffered extensive eczema and other damages to her skin." In support Plaintiff points to Exhibit 2A (DN 1-3) which is a grievance she filed regarding her endocrinologist having recommended that she see a dermatologist for her ongoing folliculitis[1] and dermatitis[2] as exacerbated by her hormone replacement therapy. Plaintiff indicates in that grievance that Nurse Seibert responded when asked that, "as far as she could tell, [Plaintiff] had not yet been scheduled for any examination by a derm specialist." The grievance refers to photos taken of "extensive skin damage caused by use of hair clippers as a 'shaving device' in RHU." According to her grievance, Plaintiff is in "constant pain from inflammation and irritation of eczema blotches" and the

---

[1] "Folliculitis, caused by bacterial or fungal infections, is inflammation of . . . hair follicles. It presents as bumps or a rash on your skin anywhere hair grows, including the scalp, torso, arms, and legs. . . . The resulting rash of raised bumps can be itchy and painful, but it is treatable with topical medications." " www.healthline.com/health/folliculitis (last accessed 6/9/2025).

[2] Dermatitis is "an inflammation of the skin usually characterized by redness, swelling, blister formation, and oozing and almost always by itching. The term eczema, which formerly referred to the blistered, oozing state of inflamed skin, has by common usage come to have the same meaning as dermatitis." www.britannica.com/science/dermatitis (last accessed 6/9/2025).

folliculitis is intensified . . . causing painful nodules to form[.]" She further stated in her grievance that "[a]s a transwoman the negation of shaving is not an option" and that the hair clippers never provide a close shave.

Plaintiff cannot bring a claim against the medical department. *See, e.g,*, *Hix v. Tenn. Dep't of Corrs.*, 196 F. App'x 350, 355 (6th Cir. 2006) (state prison "medical departments are not 'persons' under § 1983"); *Green v. Ivey*, No. 19 CV 1617, 2019 WL 5788575, at *2 (N.D. Ohio Nov. 6, 2019) ("Jail's 'Medical Department' . . . is not capable of being sued for constitutional rights violations under § 1983.").

Even if she had sued the correct actors, Plaintiff's claim does not satisfy the objective component of an Eighth Amendment claim. "It is well settled that the deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain . . . proscribed by the Eighth Amendment." *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 843 (6th Cir. 2002) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)) (internal quotation marks omitted). An Eighth Amendment claim consists of both an objective and subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). The objective component requires that the medical need be sufficiently serious. *Rhodes v. Chapman*, 452 U.S. 337, 345–47 (1981); *Hunt v. Reynolds*, 974 F.2d 734, 735 (6th Cir. 1992). This component is contextually driven and is responsive to "contemporary standards of decency." *Hudson*, 503 U.S. at 8.

Multiple courts have concluded that dermatological conditions like Plaintiff's eczema are simply not sufficiently serious as to implicate the Eighth Amendment. *See, e.g.*, *Tsakonas v. Cicchi*, 308 F. App'x 628, 632 (3d Cir. 2009) (holding that eczema is not an objectively serious medical condition under the Eighth Amendment); *Tasby v. Cain*, 86 F. App'x 745, 746 (5th Cir.

2004) (holding that although the plaintiff "suffered a rash" that "does not establish that he suffered 'serious harm'"); *Young v. Jourden*, No. 1:19-cv-854, 2021 WL 849324, at *13 (W.D. Mich. Feb. 5, 2021, *report and recommendation adopted in part, rejected in part on other grounds*, 2021 WL 716896 (W.D. Mich. Feb. 24, 2021).

It appears that the folliculitis that Plaintiff refers to may be "razor bumps" because she complains of having to use hair clippers as the cause. Courts have held that "razor bumps" or PFB[3] does not constitute a sufficiently "serious medical need" to satisfy the objective prong of a claim under the Eighth Amendment. *See Taniguchi v. Wilson*, No. CV 6:15-126-KKC, 2016 WL 3093883, at *2 (E.D. Ky. June 1, 2016) (collecting cases). Her self-described "constant pain," "inflammation," "irritation," "blotches," "skin damage" and "painful nodules" essentially describe the conditions of dermatitis/eczema and folliculitis, conditions which multiple courts have held do not meet the objective element of a deliberate-indifference claim. *Young v. Jourden*, No. 1:19-cv-854, 2021 WL 849324, at *13 (finding that a plaintiff's eczema, which caused cracked and dry skin that bled when the plaintiff scratched it, was not an objectively serious medical condition).

Moreover, if Plaintiff's claim is based on delay in scheduling a dermatologist appointment, "the prison's failure to treat a condition adequately, or where the prisoner's affliction is seemingly minor or non-obvious," *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 898 (6th Cir. 2004), she must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." *Napier v. Madison Cnty.*, 238 F.3d 739, 742 (6th Cir. 2001) (internal quotation marks omitted), *abrogation on other grounds recognized by Lawler as next friend of Lawler v. Hardeman Cnty., Tenn.*, 93 F.4th 919, 927 (6th Cir. 2024)).

---

[3] "Pseudofolliculitis barbae (PFB) is a chronic inflammatory skin condition caused by hairs that grow into and under the skin. Common terms for this condition include razor bumps, shaving bumps, or ingrown hairs." www.verywellhealth.com/pseudofolliculitis-barbae-4797891 (last accessed 6/11/2025).

As such, Plaintiff fails to state a § 1983 claim related to her skin conditions.  However, the Court will dismiss this claim without prejudice and with leave to amend the complaint for Plaintiff to name additional Defendants, if necessary, and allegations of facts showing that her skin condition(s) are sufficiently serious medical need(s), naming Defendants who were deliberately indifferent to those serious medical needs, and ascribing specific actions Defendant(s) undertook in violation of her Eighth Amendment rights.  *See Rashada v. Flegel*, No. 23-1674, 2024 WL 1367436, at *4-5 (6th Cir. Apr. 1, 2024) (approving dismissal of *pro se* complaint without prejudice and with leave to amend).

The Court **DIRECTS** the Clerk of Court to place this case number and the word "Amended" on a § 1983 complaint form and send it to Plaintiff for her use should she wish to file an amended complaint as well as four summons forms should Plaintiff wish to add additional Defendant(s).

**IT IS ORDERED** that should Plaintiff file an amended complaint she must do so by **July 17, 2025**.  Any such amended complaint is limited to the issue of Plaintiff's skin conditions.

### C. Motion to Supplement

Plaintiff also filed a motion to supplement the complaint at a later date when further evidence becomes available to her (DN 5).  As reason, she references her need to exhaust administrative remedies in light of the PLRA's one-year filing deadline.

Under Rule 15(d) of the Federal Rules of Civil Procedure:

On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented.  The court may permit supplementation even though the original pleading is defective in stating a claim or defense.  The court may order that the opposing party plead to the supplemental pleading within a specified time.

Fed. R. Civ. P. 15(d).

Because motions to supplement the complaint are governed by the Federal Rules of Civil Procedure, the Court will not grant Plaintiff's request to grant a future motion to supplement. Accordingly,

**IT IS ORDERED** that Plaintiff's motion (DN 5) is **DENIED**.

However, the Court advises Plaintiff that it is not necessary for her to prove that she has exhausted her administrative remedies at this stage of the proceedings. "[I]inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. at 216. "[F]ailure to exhaust administrative remedies under the PLRA is an affirmative defense that must be established by the defendants." *Napier v. Laurel Cnty. Ky.*, 636 F.3d 218, 225 (6th Cir. 2011) (citing *Jones v. Bock*, 549 U.S. at 204) (emphasis added). The Sixth Circuit has concluded that the exhaustion affirmative defense is best raised by Defendants in a motion for summary judgment. *See, e.g.*, *Rembisz v. Lew*, 590 F. App'x 501, 504 (6th Cir. 2014); *LaFountain v. Martin*, 334 F. App'x 738, 740 (6th Cir. 2009) (quoting Fed. R. Civ. P. 56(c)).

### III. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss this action.

Date: June 16, 2025

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:    Plaintiff, *pro se*
4414.009