UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**KAHLID A. ZAAHIR**                                                                 **PLAINTIFF**

**v.**                                                   **CIVIL ACTION NO. 5:25-CV-P32-JHM**

**LAURA PLAPPERT et al.**                                                         **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff Khalid A. Zaahir, a prisoner at the Kentucky State Penitentiary (KSP), proceeding *pro se*, initiated this 42 U.S.C. § 1983 action. On initial review pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007), the Court dismissed this case without prejudice to Plaintiff filing an amended complaint limited to the issue of her skin conditions (DN 12). Plaintiff has now filed an amended complaint (DN 17). The Court construes the amended complaint as requesting to reopen this case, which the Court **GRANTS** (DN 17). The Court **DIRECTS the Clerk of Court to reopen this case**.

The Court will review the amended complaint under § 1915A and *McGore*. For the following reasons, the Court will dismiss the claims in the amended complaint.

### I. STATEMENT OF CLAIMS

On initial review, the Court instructed Plaintiff that she could file an amended complaint to allege facts showing that her skin conditions are sufficiently serious medical needs, naming Defendants who were deliberately indifferent to those serious medical needs, and describing specific actions Defendants took in violation of her Eighth Amendment rights. In her amended complaint, Plaintiff alleges that she "obviously needed medical treatment for her skin conditions [chronic dermatitis and folliculitis] in the face of on-going agitation and exacerbation of both

conditions." She states that, in 2021, Dr. Edilfavia Lly, an endocrinologist, discovered a relationship between Plaintiff's "consistently worsening" skin conditions and her hormone replacement therapy. She asserts that he made several recommendations to the Kentucky Department of Corrections' medical department to send Plaintiff to "an outside dermatologist/skin specialist to be assessed, examined, and treated." She alleges that Defendants Karen Vickery-Ramey and Anna Murphy, both APRNs, continuously ignored that recommendation despite Plaintiff's worsening skin conditions.[1] Plaintiff identifies the source of her skin problems as having to use "hair clippers not meant for shaving to shave her face and neck."

Plaintiff next alleges that Defendant Kristy Ponzetti-Carr, the Health Services Administrator, has, on several occasions, answered Plaintiff's grievances, has "unethically failed to redress the medical negligence of Defendants Vickery-Ramey and Murphy," and even advised against having Plaintiff see a dermatology specialist.

Plaintiff also alleges that Defendant LeAndrea Hammond, the Nursing Director, has examined Plaintiff's skin but "repeatedly refuses to take photos of Plaintiff's skin damage." She states that Defendant Hammond, along with Defendants Vickery-Ramey and Ponzetti-Carr, "sharply" criticized another nurse in 2022 for recording pictures of Plaintiff's skin. Defendant Hammond again refused to take photos of Plaintiff's skin in March 2024 and encouraged others not to.

Plaintiff seeks compensatory and punitive damages and injunctive relief in the form of being examined and treated by an outside dermatologist.

---

[1] Plaintiff also includes allegations about her requests to see an endocrinologist, which were refused. Plaintiff admits that these allegations are not relevant to the scope of the amended complaint, and the Court does not consider them.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). When determining whether a plaintiff has stated a claim upon which relief may be granted, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### A. Defendants Vickery-Ramey and Murray

According to Plaintiff, Defendants Vickery-Ramey and Murphy continuously ignored the recommendation by an outside endocrinologist for Plaintiff to see a dermatologist despite Plaintiff's worsening skin conditions.

The Eighth Amendment prohibits prison officials from showing deliberate indifference to

a convicted prisoner's serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A deliberate indifference claim "has objective and subjective components." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004). "The objective component requires the existence of a 'sufficiently serious' medical need." *Id*. (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). "The subjective component requires an inmate to show that prison officials have 'a sufficiently culpable state of mind in denying medical care.'" *Id*. (quoting *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000)).

In her amended complaint, Plaintiff identifies her medical needs as chronic dermatitis, folliculitis, and eczema. Plaintiff refers to her skin conditions as having "worsened." She also states that she put in a number of health care requests in which she complained of "intensified pain." She further states that her eczema/nodules were continuously "irritated, aggravated, and reinjured" from having to use the hair clippers. She alleges that "this became a vicious cycle of pain, inflammation and infection – nearly impervious to topical steroids and creams," which were "totally ineffective," ultimately leaving "Plaintiff's skin with horrible discoloration and 'hardened' eczema blotches." She also alleges that using the clippers over the "hardened nodules and eczema blotches" is "extremely painful" and risks further bacterial infection.

Multiple courts have concluded that dermatological conditions like Plaintiff's dermatitis and folliculitis[2] are not sufficiently serious as to implicate the Eighth Amendment. *See Taniguchi v. Wilson*, No. CV 6:15-126-KKC, 2016 WL 3093883, at *2 (E.D. Ky. June 1, 2016) (collecting cases); *Young v. Jourden*, No. 1:19-cv-854, 2021 WL 849324, at *13 (W.D. Mich. Feb. 5, 2021) (finding that a plaintiff's eczema, which caused cracked and dry skin that bled when the plaintiff

---

[2] In its review of Plaintiff's initial complaint, the Court surmised "that the folliculitis that Plaintiff refers to may be 'razor bumps' because she complains of having to use hair clippers as the cause" and noted that courts have held that "razor bumps", also known as pseudo folliculitis barbae (PFB), does not constitute a sufficiently "serious medical need" to satisfy the objective prong of a claim under the Eighth Amendment.

4

scratched it, was not an objectively serious medical condition), *report and recommendation adopted in part, rejected in part on other grounds*, 2021 WL 716896 (W.D. Mich. Feb. 24, 2021); *Simpson v. Prison Health Servs.*, No. 1:10-cv-983, 2010 WL 4318902, at *3 (W.D. Mich. Oct. 22, 2010) (holding that plaintiff's folliculitis and skin rashes did not constitute serious medical needs where, although uncomfortable, they did not materially inhibit his daily activities); *In v. Stroup*, No. 1:19-CV-000224, 2021 WL 5922331, at *7 (W.D. Pa. Dec. 15, 2021); *Latham v. Johnson*, No. 07-C-142-S, 2008 WL 153765, at *3-4 (E.D. Va. Jan. 14, 2008) ("The razor bumps that plaintiff alleges, which result from ingrown hairs, even if left untreated, constitute a minimal medical need.").

But where these conditions are accompanied by pain and infection, courts have entertained the idea that in those cases a sufficiently serious medical need may exist. *See, e.g.*, *Roman v. Quiros*, No. 3:22-CV-911 (SVN), 2023 WL 3158980, at *6 (D. Conn. Apr. 28, 2023) ("Plaintiff alleges that his folliculitis affects his daily activities, causes severe pain, and has caused "masses" on his neck and chest. . . . Based on these allegations, the Court will assume, for purposes of initial review, that Plaintiff has a serious medical need."); *Williams v. Jaimet*, No. 3:17-CV-01247-DRH, 2017 WL 6060397, at *3 (S.D. Ill. Dec. 7, 2017) ("Plaintiff suffers from folliculitis, which causes pain and infection. Plaintiff claims that the Andis trimmer helps to control these symptoms. Additionally Plaintiff claims that, without the trimmer, he has been experiencing daily pain and infections. Whether this amounts to an objectively serious medical condition is not clear. However, given the allegations of pain and infection, the inference cannot be ruled out at this early stage.").

Reading the amended complaint liberally, as the Court must at this stage of the proceedings, *Boag*, 454 U.S. at 365, the Court will assume for purposes of this Memorandum

5

Opinion and Order that Plaintiff has satisfied the objective component of an Eighth Amendment deliberate indifference claim.

Plaintiff's claim, however, fails to satisfy the subjective component. Plaintiff states that she has been treated with antibiotics and topical steroids and creams. The Sixth Circuit distinguishes "between cases where [there is] a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Where "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.*; *see also Rouster v. Saginaw Cnty.*, 749 F.3d 437, 448 (6th Cir. 2014). "Where the claimant received treatment for his condition, . . . he must show that his treatment was 'so woefully inadequate as to amount to no treatment at all.'" *Mitchell v. Hininger*, 553 F. App'x 602, 604 (6th Cir. 2014) (quoting *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011)).

Here, Plaintiff alleges that the steroids and creams were "totally ineffective," but she only points to discoloration, "hardened nodules," and "eczema blotches" as the end result of the "ineffective" treatment, not, for example, infection. Plaintiff has alleged no facts to suggest that the treatment she received "was 'so woefully inadequate as to amount to no treatment at all.'" *Id.* Plaintiff's assertion that these nodules and blotches place her at greater risk for further bacterial infections indicate that past bacterial infections have been successfully treated. Further, Plaintiff attributes the cause of her problems to being forced to use "hair clippers not meant for shaving," the decision for which she does not attribute to Defendants. In any event, at most Plaintiff has alleged negligence on Defendants' part, and "[d]eliberate indifference requires more than mere negligence, more even than medical malpractice." *Gillespie v. Dr. (First & Last Name Unknown)*,

No. 5:21 CV 1396, 2021 WL 5448765, at *2 (N.D. Ohio Nov. 22, 2021) (citing *Mitchell*, 553 F. App'x at 604); *see also Williams v. Sices*, No. 1:24-CV-1130, 2024 WL 4891136, at *7 (W.D. Mich. Nov. 26, 2024) (where prisoner was misdiagnosed as having psoriasis and treated for that but was later properly diagnosed with eczema, "at most . . . Defendant Sices may have been negligent when he misdiagnosed Plaintiff with psoriasis, which is insufficient to state an Eighth Amendment claim.") (citing *Farmer*, 511 U.S. at 835).

Plaintiff further alleges that Defendants should have scheduled her for an examination by a dermatologist to "assess fully the extent of diagnosis and possibly specialized medical treatment for Plaintiff's skin conditions." In doing so, she has only alleged a disagreement with her providers' course of treatment. "[A] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to an Eighth Amendment claim." *Thompson v. Kline*, No. 4:16CV1926, 2016 WL 5807804, at *2 (N.D. Ohio Oct. 5, 2016) (citing *Graham ex rel. Estate of Graham v. Cnty. of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004)); *Thomas v. Coble*, 55 F. App'x 748, 749 (6th Cir. 2003) (holding that plaintiff and defendant clearly disagreed over the preferred medication to treat Defendant's pain but that "this difference of opinion does not support an Eighth Amendment violation."); *Taniguchi*, 2016 WL 3093883, at *3 ("Taniguchi's claim is based upon his belief that one doctor's recommendation that he should be permitted to use a beard trimmer in lieu of shaving was the only medically-appropriate treatment plan for his PFB, while the medical opinion of his subsequent treating physician that his condition was mild and could be addressed by other means was incorrect. But where a prisoner has been examined and treatment provided but the prisoner merely disagrees with the course of care determined by his treating physician in the exercise of his medical judgment, his claim sounds in state tort law – it does not state a viable claim of deliberate indifference under the Eighth

Amendment.").

Accordingly, Plaintiff has failed to state an Eighth Amendment deliberate indifference claim.

### B. Defendant Hammond

Plaintiff alleges that Defendant Hammond has examined Plaintiff's skin but "repeatedly refuses to take photos of Plaintiff's skin damage." She also states that Defendant Hammond, along with Defendants Vickery-Ramey and Ponzetti-Carr, criticized another nurse in 2022 for recording pictures of Plaintiff's skin. According to Plaintiff, Defendant Hammond again refused to take photos of Plaintiff's skin in March 2024 and encouraged others not to.

The Court has determined that Plaintiff has failed to state an Eighth Amendment deliberate indifference claim, and Plaintiff has offered no reason that refusing to photograph her skin is a constitutional violation. As the Court recently held in another of Plaintiff's cases, "it is obvious that photographing alleged skin damage, as Plaintiff requested, is not a 'serious medical need.'" *Zaahir v. Plappert*, No. 5:24-CV-P193-JHM, 2025 WL 2831976, at *7 (W.D. Ky. Oct. 6, 2025). This claim will also be dismissed for failing to state a claim upon which relief may be granted.

### C. Defendant Ponzetti-Carr

Plaintiff alleges that Defendant Ponzetti-Carr has answered Plaintiff's grievances and "unethically failed to redress the medical negligence of Defendants Vickery-Ramey and Murphy," even advising against having Plaintiff see a dermatologist.

The denial of or failure to act upon an inmate's grievance does not, by itself, "subject supervisors to liability under § 1983." *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)); *see also Horton v. Martin*, 137 F. App'x 773, 775 (6th Cir. 2005) ("[Plaintiff] merely alleged that [the defendant] failed to remedy

the situation after he had been informed of the problem via [plaintiff's] grievance. [This] allegation does not state a claim[.]").

And here, as stated above, Plaintiff has not alleged a deliberate indifference claim based on needing to see a dermatologist. Therefore, advising that Plaintiff did not need to see a dermatologist is not a constitutional violation. The claim against Defendant Ponzetti-Carr must be dismissed for failure to state a claim, as well.

### III. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss this action.

Date: October 17, 2025

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.009